UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES L. SPADAFORE and MARY
SPADAFORE,

    Plaintiffs,

v.

AURORA LOAN SERVICES, LLC,

    Defendant.
_____/

Case No. 12-10532

Hon. John Corbett O'Meara

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant Aurora Loan Services, LLC's motion to dismiss and/or for summary judgment, which was filed September 28, 2012, and has been fully briefed. Pursuant to L.R. 7.1, the court did not hear oral argument.

**BACKGROUND FACTS**

Plaintiffs Charles and Mary Spadafore allege wrongful foreclosure in connection with the sheriff's sale of their home. On September 24, 2004, Plaintiffs borrowed $875,000 from First National Bank of Arizona. As security for the loan, Plaintiffs executed a mortgage in favor of MERS as nominee for the lender and the lender's successors and assigns.

On June 30, 2008, First National Bank of Arizona merged with First National Bank of Nevada ("FNBNV"). Approximately two months later, FNBNV failed and was closed by the Office fo the Comptroller of Currency. FNBNV's assets, including Plaintiffs' note, were sold by the FDIC to Mutual of Omaha Bank. During these transactions, MERS remained the mortgagee; only the note was transferred. Defendant Aurora Loan Services was the servicer of Plaintiff's mortgage.

Plaintiffs began having financial difficulties in late 2009 and defaulted on their note. Defendant entered into a forbearance agreement with Plaintiffs for the period from April 1, 2010 through September 1, 2010. Defendant agreed to temporarily forbear from foreclosure in exchange for Plaintiffs' promise to tender payments on the note. The parties entered into a second forbearance agreement for the term beginning November 15, 2010, and ending April 15, 2011. Plaintiffs defaulted on the second forbearance agreement in March 2011 because they were unable to tender the required payments.

Defendant contends that it (through its foreclosure counsel) sent default notices to Plaintiffs on March 30, 2011. On March 31, 2011, MERS assigned the mortgage to Aurora. Aurora contends it mailed mediation letters to Plaintiffs pursuant to MCL 600.3205a. Plaintiffs assert that they did not receive these letters. Plaintiffs contend that, at the time, Defendant led them to believe that it was considering them for a permanent loan modification.

On April 30, 2011, a foreclosure notice was posted on the mortgaged property. Plaintiffs contend that this was their first notice that Defendant was proceeding with foreclosure on the loan. Plaintiffs inquired about their loan modification package and were allegedly told that it was never received and that it was too late to consider.

Defendant published notice of foreclosure in the Oakland County Legal News on April 27, 2011, May 4, 2011, May 11, 2011, and May 18, 2011. On July 26, 2011, Aurora purchased the property at the sheriff's sale. The redemption period expired on January 26, 2012; Plaintiffs did not attempt to redeem the property. Rather, Plaintiffs filed this action in Oakland County Circuit Court to set aside the sheriff's sale on January 26, 2012. Defendant removed the case to this court on February 7, 2012.

## LAW AND ANALYSIS

Defendant seeks dismissal pursuant to Rule 12(c) and/or summary judgment in its favor pursuant to Rule 56. In its motion, Defendant argues primarily that Plaintiffs do not have standing to challenge the foreclosure sale, because the redemption period has expired. See e.g., Overton v. Mortgage Elec. Reg. Sys., 2009 WL 1507342 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); Moriarty v. BNC Mortgage, Inc., 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) (finding that after the redemption period expired, plaintiff lacked standing to challenge the foreclosure/sheriff's sale); Luster v. MERS, Inc., 2012 WL 124967 at *2 (E.D. Mich. Jan. 17, 2012) (noting that Michigan law "bar[s] former owners from making any claims with respect to foreclosed property after the end of the redemption period"); Paige v. Everhome Mortgage Co., 2012 WL 3640304 at *2 (Mich. App. Aug. 23, 2012) (finding plaintiff's rights to property "extinguished" after expiration of redemption period).

In order to overcome this hurdle and toll the redemption period, Plaintiffs must demonstrate fraud or irregularity in connection with the foreclosure sale. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Overton, 2009 WL 1507342 at *1 (citation omitted). See also Sweet Air Investment, Inc. v. Kenney, 275 Mich. App. 492, 497 (2007) ("[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."). "The purported defect must be in the sale process itself." Pettey v. Citimortgage, Inc., 2012 WL 3600342 at *6 (E.D. Mich. Aug. 21, 2012) (citation omitted).

Plaintiffs have not made a clear showing of fraud or irregularity here. Plaintiffs contend that Defendant represented that it would modify their loan and not proceed with foreclosure. These alleged oral representations, however, cannot form the basis for a fraud claim against a financial institution under the statute of frauds. See M.C.L. § 566.132; Crown Tech. Park v. D & N Bank, 242 Mich. App. 538, 550 (2000) (statute "plainly states that a party is precluded from bringing a claim – no matter what its label – against a financial institution to enforce the terms of an oral promise").

Plaintiffs also allege that they never received a mediation notice as required by M.C.L. 600.3205a. If true, this fact does not allow the court to invalidate the sheriff's sale. Rather, Plaintiffs' recourse was to bring an action to enjoin the sale. See M.C.L. 600.3205a(5); Galati v. Wells Fargo Bank, 2011 WL 5718276 (E.D. Mich. Nov. 1, 2011).

Plaintiffs further argue that Mutual of Omaha Bank "needs to demonstrate that it is the holder of the Note before its servicing agent, Defendant, has standing to foreclose under 600.3204(1)(d)." However, M.C.L. 600.3204, the foreclosure by advertisement statute, contains no such requirement. Defendant is the servicer of the loan and was assigned the mortgage. As the servicing agent, Defendant is entitled to foreclose by advertisement under M.C.L. 600.3204(1)(d) by the express terms of the statute. Defendant need not be the note holder in order to foreclose. See, e.g., Murray v. New York Mort. Co., 2012 WL 5830245 at * 7 (E.D. Mich. Nov. 16, 2012); Schare v. MERS, 2012 WL 2031958 at *2 (E.D. Mich. June 6, 2012).

In sum, Plaintiffs have not made a strong case of fraud or irregularity in connection with the foreclosure sale and there is no basis for the court to extend the redemption period. Plaintiffs may not, therefore, challenge the foreclosure sale or make any other claims with respect to the

property, as their rights have been extinguished.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's September 28, 2012 motion to dismiss or for summary judgment is GRANTED.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  December 20, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 20, 2012, using the ECF system.

                                                s/William Barkholz
                                                Case Manager