UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES L. SPADAFORE and MARY
SPADAFORE,

    Plaintiffs,

v.

AURORA LOAN SERVICES, LLC,

    Defendant.
_____/

Case No. 12-10532

Hon. John Corbett O'Meara

## ORDER DENYING MOTIONS FOR RECONSIDERATION AND FOR RELIEF FROM JUDGMENT

Before the court are Plaintiffs' motion for reconsideration, filed January 3, 2013, and motion to alter, amend, or other relief pursuant to Rules 59 and 60, filed January 16, 2013. Defendant filed a response to the latter motion on January 30, 2013.

In this mortgage foreclosure case, the court granted Defendant's motion to dismiss on December 20, 2012. The court found that Plaintiffs were unable to challenge the foreclosure sale because the redemption period had expired. The court further found that Plaintiffs were unable to overcome the expiration of the redemption period because they failed to make a clear showing of fraud or irregularity in connection with the foreclosure sale. Plaintiffs seek reconsideration, arguing that Defendant's alleged violation of the loan modification statute voids the foreclosure, with the result that the redemption period never began. For this proposition, Plaintiffs rely upon Mitan v. Federal Home Loan Mort. Corp., 703 F.3d 949 (6th Cir. 2012). Mitan has been abrogated by Kim v. JPMorgan Chase Bank, N.A., 493 Mich. 98 (2012), however. See Acheampong v. Bank of New York Mellon, 2013 WL 173472 (E.D. Mich. Jan. 16, 2013) (Cohn, J.). Kim makes clear that, under Michigan law, "failure to comply with the conditions set

forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e., void *ab initio* ) but merely voidable." Conlin v. MERS, — F.3d — , 2013 WL 1442263 (6th Cir. Apr. 10, 2013).

"In order for foreclosure defects under M.C.L. 600.3204 to be actionable to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with M.C.L. 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Kim, 493 Mich. at 337. The same showing of prejudice must be made where a plaintiff is alleging a violation of the loan modification statute, M.C.L. 600.3205c. Acheampong, 2013 WL 173472 at *7-8 ("[A] violation of the loan modification statute, standing alone, is not enough to show fraud or irregularity."). Plaintiffs have not made such a showing of prejudice here.

Plaintiffs further argue that the Kim case supports reconsideration. In Kim, the defendant initiated foreclosure proceedings before recording its mortgage interest, rendering the foreclosure voidable. This case is factually distinguishable from Kim because Aurora recorded its mortgage assignment prior to commencing foreclosure proceedings. See Def.'s Ex. K (motion to dismiss). Accordingly, Kim does not warrant reconsideration here.

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' motion for reconsideration [Docket No. 18] and motion to alter, amend, or other relief [Docket No. 19] are DENIED.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  May 17, 2013

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 17, 2013, using the ECF system.

                                       s/William Barkholz
                                       Case Manager